# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Adam Hageman, | Civ. No. 20-2257 (SRN/BRT) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Minnesota Department of Corrections, Warden Guy Bosch, Associate Warden of Administration Victor Wanchena, Associate Warden of Administration Lisa Stenseth, Department of Corrections Commissioner Paul Schnell, Deputy Commissioner Michelle Smith, Assistant Commissioner Marcus Schmit, Chris Dodge, CPD Reed, Lt. Spets, Lt. Warner, Lt. Raven, Safety Director Karels, CPD Quist, Captain Connors, Lt. Donaldson, CPD Scott, Sgt. Neururer, Lt. Meyer, Captain Darling, CPD Huppert, and P.P. Director Greene, | |
| Defendants. | |

BECKY R. THORSON, United States Magistrate Judge.

This matter is before the Court on Plaintiff Adam Hageman's Amended Complaint concerning his conditions of confinement at Minnesota Correctional Facility Stillwater during the ongoing global pandemic. (Doc. No. 8, Am. Compl.) Hageman paid the initial partial filing fee set by this Court (Doc. Nos. 6, 9), and the matter is now ready for screening review pursuant to 28 U.S.C. § 1915A. For the reasons that follow, this Court recommends that the Amended Complaint be dismissed.

1

## BACKGROUND

Hageman filed his initial Complaint in this matter on October 28, 2020, and applied to proceed in forma pauperis. (Doc. Nos. 1, 2.) In its Order setting Hageman's partial filing fee, this Court cautioned Hageman that portions of his Complaint could be subject to dismissal because he did not describe the actions taken by individual defendants that allegedly violated his rights. (Doc. No. 6 at 3 n.2.) This Court noted that Hageman appeared aware of the requirement that individual defendants be associated with their actions because he quoted *White v. Jackson*, the Eighth Circuit case commonly cited for this proposition, in the body text of his original complaint. *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017).

On December 2, 2020, Hageman filed an Amended Complaint that, while far lengthier than his original Complaint, largely failed to remedy this defect. The Amended Complaint makes no individualized mention of Defendants Wanchena, Smith, Schmit, Dodge, Spets, Warner, Raven, Karels, Quist, Donaldson, Scott, Neururer, Meyer, Darling, or Huppert. In fact, the only Defendant not discussed by name in the original Complaint who is discussed in the Amended Complaint is Defendant Greene, the physical plant manager. (Am. Compl. ¶ 2L.) The Amended Complaint also refers specifically to Defendant Paul Schnell, alleging that Defendant Schnell is the Commissioner of the Department of Corrections, sued in his individual and official capacity, and that in his role as Commissioner is responsible for inmates' safety. (*Id.* ¶ 1K.) Hageman further alleges that Defendants Schnell and Bosch "individually and collectively have custody of [him]." (*Id.* ¶ 1M.)

2

# ANALYSIS

## I.    Standard of Review

Section 1915A provides that any civil action brought by a prisoner against a governmental entity or employee must be screened as soon as practicable. 28 U.S.C. § 1915A(a). If a prisoner's complaint fails to state an actionable claim for relief, it must be summarily dismissed. 28 U.S.C. § 1915A(b). To state an actionable claim for relief, a plaintiff must allege a specific set of facts that, if true, would entitle him to relief against the named defendants under a cognizable legal theory. In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all the factual allegations therein and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Additionally, federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

Where, as here, a plaintiff seeks to bring a claim under 42 U.S.C. § 1983, he must allege historical facts showing that the named defendants violated plaintiff's federal constitutional rights while acting under color of state law. *See West v. Atkins*, 487 U.S.

42, 48 (1988). To establish a defendant's liability in a civil rights action, a plaintiff must plead facts showing each named defendant's personal involvement in the alleged constitutional wrongdoing. *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017); *Beck v. LaFleur*, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of civil rights claims because plaintiff's complaint "failed to allege sufficient personal involvement by any of [the] defendants to support such a claim.") Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone*, 364 F.3d at 914.

With these standards in mind, this Court now turns to Hageman's Amended Complaint.

## II.    The Court Lacks Subject Matter Jurisdiction Over the Minnesota Department of Corrections

Hageman names the Minnesota Department of Corrections ("MNDOC") as a Defendant and refers to MNDOC repeatedly throughout his Amended Complaint. Under the Eleventh Amendment, suits against a state agency are functionally suits against the state itself. *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997) (citing cases); *Hanks v. Hills*, 373 F. Supp. 3d 1230, 1232 (D. Minn. 2017), *report and recommendation adopted*, No. 15-cv-4275 (JNE/DTS), 2017 WL 10243525 (D. Minn. Nov. 27, 2017) (citing *Monroe v. Ark. St. Univ.*, 495 F.3d 591, 594 (8th Cir. 2007)). Here, neither the State of Minnesota nor MNDOC have waived sovereign immunity with respect to the claims presented in the present lawsuit. Accordingly, this Court recommends that all Hageman's claims against MNDOC be dismissed for lack of subject matter jurisdiction.

4

*See Hart v. United States*, 630 F.3d 1085, 1091 (8th Cir. 2011) (dismissal is appropriate if subject matter jurisdiction is lacking due to sovereign immunity).

## III.    Failure to State a Claim

It is difficult to tease out Hageman's claims, but he appears to assert more than fifteen federal law claims in his Amended Complaint. But even given the liberal pleading standards afforded *pro se* parties, these claims fail to state a claim upon which relief may be granted. Specifically, Hageman's allegations do not describe the personal involvement of individual Defendants. *See, e.g.*, *Beck* 257 F.3d at 766 (affirming dismissal of a pro se prisoner's amended complaint for failure to allege sufficient personal involvement). This Court addresses each of these claims in turn below.

### A.    Count 1: Hageman was denied medical care due to COVID-19

Hageman's first count[1] alleges that he was denied medical care because of COVID-19, or that he did not get the medical care that was suggested. (Am. Compl. Memo. ¶¶ 7, 39, Doc. 8-1.) Hageman, however, does not identify anyone who allegedly failed to provide him with care, nor does he explain what medical condition he was suffering from or what treatment that unidentified medical condition required. Rather, he baldly asserts he was "denied medical care by Health Service/Nursing Services," (*id.* ¶ 7), or "Prison Officials did not follow recommended healthcare treatment direction by Dr. Katie Chun," (*id.* ¶ 39). Such threadbare allegations are insufficient to state a § 1983 claim for deliberate indifference to a medical need because Hageman has not identified

---

[1]    Plaintiff does not demarcate or separate his claims, but rather numbers his paragraphs. The Court assigns numbers to Plaintiff's possible claims for ease of analysis.

any party who was deliberately indifferent to his serious medical needs. *See, e.g.*, *Phillips v. Jasper Cty.* Jail, 437 F.3d 791, 795 (8th Cir. 2006) (to state a claim for deliberate indifference to a medical need a plaintiff must show that a medical provider knew of and disregarded a serious medical need). This Court therefore recommends that Count 1 be dismissed.

> **B.    Count 2: Hageman suffered unlawful conditions of confinement and a Due Process violation based on a toilet overflow.**

In Count 2, Hageman alleges that he suffered unlawful conditions of confinement when the toilet overflowed in the neighboring cell and correctional officers ignored his requests for cleaning supplies. (Am. Compl. Memo. ¶ 8.) Hageman additionally alleges that his confinement in his own waste-flooded cell violated the Fourteenth Amendment because it was unjust and amounted to punishment. Hageman, however, does not identify any specific individual who caused these deprivations; accordingly, he has failed to sufficiently state a claim regarding this incident. This Court therefore recommends that Count 2 be dismissed.

Moreover, this claim does not relate to the bulk of Hageman's Amended Complaint. Rule 20 states that defendants can only be combined in a single lawsuit if the claims against them are related to the same transaction, series of transactions or occurrences, or presents a common question of law or fact. Fed. R. Civ. P. 20(a)(1). The obvious theme of Hageman's Amended Complaint is his dissatisfaction with the handling of the COVID-19 pandemic at Minnesota Correctional Facility Stillwater. This claim relating to an overflowing toilet and subsequent refusal of cleaning supplies for the toilet

overflow does not relate to the COVID-19 pandemic as does the remainder of Hageman's claims. As such, it should likewise be dismissed under Rule 20.

### C.    Count 3: Defendants violated Hageman's rights and failed to protect him by routinely failing to use precautions such as face masks, shields, or gloves.

Hageman alleges in Count 3 that Defendants violated his rights by routinely failing to take precautionary measures such as wearing face masks, face shields, or gloves. (Am. Compl. Memo. ¶¶ 9–11, 27, 49–50.) Once again, however, Hageman does not name any specific defendants in connection with these allegations, but instead refers to "prison officials," "correctional officers," or "prison staff." (*Id.*) Accordingly, this Court recommends dismissal of Count 3.

### D.    Counts 4 and 9: informal policy or customs led to violations of Hageman's rights.

In Count 4, Hageman alleges that the MNDOC has an informal policy or custom that leads to constitutional violations of inmates. (*Id.* ¶¶ 13, 40.) Count 9 also appears to be based on a custom or policy. (*Id.* ¶ 23.) While under limited circumstances an inmate may bring a lawsuit against state government entities for maintaining a constitutionally violative custom or policy, Hageman's allegations fail to state such a claim because he has not identified any policies or customs at issue. *See, e.g.*, *Beck*, 257 F.3d at 766 (affirming dismissal of a suit alleging a violative custom or policy because the plaintiff did not identify the specific policies in question, or how the defendants violated his rights pursuant thereto). Accordingly, this Court recommends that Counts 4 and 9 be dismissed.

**E.    Count 5: Hageman's request for release due to his health conditions and the risks of COVID-19 should have been granted.**

In Count 5, Hageman alleges that he was denied medical release to "protect from COVID-19," and seeks release based on his own medical conditions. (Am. Compl. Memo. ¶ 15.) A prisoner seeking to challenge the fact or duration of his confinement must do so through a petition for a writ of habeas corpus rather than a civil rights complaint. *See, e.g.*, *Spencer v. Haynes*, 774 F.3d 467, 469-70 (8th Cir. 2014); *Feeney v. Auger*, 808 F.2d 1279, 1280–81 (1986). This Court observes that Hageman has filed a separate action for habeas corpus relief—in a filing that largely mirrors the present one—so he has an active vehicle to pursue his claim for medical release. *See Hageman v. Minn. Dept. of Corr.*, No. 20-cv-2662 (SRN/DTS) (D. Minn. 2020). Accordingly, it is recommended that Count 5 be dismissed.

**F.    Counts 6 and 7: Hageman was denied access to the courts and was locked in his cell for six days or more without essentials like a shower or cleaning products.**

Hageman alleges in Counts 6 and 7 that he was denied access to the courts and he was locked in his cell several times for six days or more without access to any necessities such as a shower or cleaning supplies. (Am. Compl. Memo. ¶¶ 17–20, 36, 38.) He claims that these incidents violate the Due Process Clause, and that they caused undue stress and anxiety. Hageman has not named any individuals in association with these harms, therefore these claims should be dismissed. Additionally, to state an access to the courts claim, Hageman would need to demonstrate that he was prevented from pursuing a nonfrivolous claim. *See White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007). Hageman

makes no mention of claims he was prevented from filing, so his claim is also insufficiently pled for that reason. This Court recommends that Counts 6 and 7 be dismissed.

### G.  Count 8: Defendants conspired to oppress, persecute, abuse, repress and suppress, mistreat, intimidate, and coerce Hageman.

In Count 8 Hageman alleges that the MNDOC and its correctional officers conspired to torture and oppress him. (Am. Compl. Memo. ¶¶ 21–22.) "To prove a § 1983 conspiracy claim against a particular defendant, the plaintiff must show: that the defendant conspired with others to deprive him or her of a constitutional right; that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and that the over act injured the plaintiff." *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999). A plaintiff must also prove the deprivation of a constitutional right or privilege to prevail on a § 1983 conspiracy claim. *Id.* Here, Hageman's claim regarding a conspiracy is a patchwork of legal conclusions lacking a factual basis. *Iqbal*, 556 U.S. at 678 (threadbare recitals of the elements of a cause of action supported by conclusory statements do not suffice to state a claim). Hageman has not identified any individual actors who participated in the alleged conspiracy against him, he has not identified which specific overt acts from his lengthy Amended Complaint were allegedly taken in furtherance of this conspiracy, nor has he identified what constitutional harm he suffered due to the alleged conspiracy. Because this Court is not required to hypothesize about facts that *might* exist when liberally construing a complaint, *see Stone*, 364 F.3d at 915, it is therefore recommended that Count 8 be dismissed for failure to state a claim.

**H.    Count 10: Hageman attempted to raise his concerns about safety but was told to keep quiet and believes his First and Fourteenth Amendment rights were violated when he was placed in segregation without explanation.**

Hageman alleges in Count 10 that his First and Fourteenth Amendment rights were violated because he was told to keep quiet when he attempted to raise concerns about safety conditions at Minnesota Correctional Facility Stillwater. (Am. Compl. Memo. ¶¶ 24–26, 34–45.) He also alleges that he was placed in segregation and implies this was retaliation for speaking out. (*Id.* ¶¶ 24–25). A prisoner can bring claims for a violation of First Amendment rights as part of a retaliatory discipline claim, particularly if they allege that they suffered some sort of consequence like segregation. *See, e.g.*, *Spencer v. Jackson Cty. Mo.*, 738 F.3d 907, 911 (8th Cir. 2013) (explaining the elements of a First Amendment retaliation claim, and a retaliatory discipline claim). Here, however, Hageman has not explained who told him to keep quiet or who placed him in segregation, so he has failed to plead a claim upon which relief may be granted as to either of these theories. Consequently, Count 10 should be dismissed for failure to state a claim.

**I.    Count 11: Defendants made verbal threats to Hageman's safety that put him in serious fear of harm.**

In Count 11, Hageman alleges that his rights were violated because officers made verbal threats against him. (Am. Compl. Memo. ¶¶ 32–33, 37.) This claim cannot survive because Hageman has not identified who made the threats, nor has he explained the nature of the threats. Although a plaintiff may bring a claim for a violation of his rights based on authorities' threatening statements or conduct, the nature of the threats must be

sufficiently egregious to warrant relief under § 1983. *See Irving v. Dormire*, 519 F.3d 441, 449–50 (8th Cir. 2008) (noting that although verbal threats are normally insufficient to establish a constitutional violation, threats that are "brutal" or "wanton" may be sufficient to state a claim). Here, Hageman has not alleged such facts. Accordingly, Count 11 should be dismissed for failure to state a claim.

**J.    Count 12: Hageman's Equal Protection rights were violated because at least 50 similarly situated individuals were released to home confinement.**

Hageman alleges in Count 12 that his Equal Protection rights were violated by MNDOC because 50 similarly situated prisoners were recently released to home confinement, but Hageman was not released. (Am. Compl. Memo. ¶ 41.) MNDOC is the only named defendant for this particular claim and, as explained above, it is not subject to suit. *See Grant*, 841 F.3d at 772 n.2. Therefore, this Court recommends that Count 12 be dismissed.

**K.    Count 13: Defendant Bosch's decisions were responsible for Defendants' actions and represented official policy.**

Count 13 alleges that "Guy Bosch's officially adopted decision was promulgated by those other named Defendants whose edicts and acts may fairly be said to represent official policy." (Am. Compl. Memo. ¶ 43.) Hageman does not explain the harm caused by Defendant Bosch or official MNDOC policy, nor what the decision or policy he complains of actually was. A plaintiff cannot maintain a claim concerning a constitutionally violative policy or custom if he does not define what that policy or

custom is. *See Beck*, 257 F.3d at 766. Accordingly, Count 13 should be dismissed for failure to state a claim.

### L.    Count 14: Four unnamed correctional officers allegedly made statements to Hageman regarding the level of risk due to COVID-19 present in the institution.

In Count 14, Hageman alleges that four unnamed correctional officers made statements to him about the level of risk at the institution from COVID-19, as well as the administration's handling of the risk. (Am. Compl. Memo. ¶¶ 45–48.) Rule 10(a) requires that the title of the complaint must name all parties. Hageman, however, did not name Correctional Officers 1–4 in the caption of the complaint, and thus failed to identify those four individuals. Further, a mere allegation that four unidentified individuals made remarks about prison conditions related to COVID-19 does not suggest that in so doing they violated Hageman's constitutional rights. Therefore, this Court recommends that Count 14 be dismissed for failure to comply with Rule 10(a) and for failure to state a claim.

## IV.    Supplemental Jurisdiction

To be clear, the above claims come from the 15-page memorandum attached to Hageman's Amended Complaint. In contrast, the Amended Complaint is 51 pages long. And while this Court has afforded Hageman every leeway in reading the Memorandum to assert federal claims, the Amended Complaint expressly relies on the Minnesota Constitution and Minnesota statutes and rules. (Am. Compl. at 1–51.) Therein, Hageman alleges that his rights have been violated under Minnesota law by the handling of the COVID-19 pandemic in the prison setting. He provides many iterations on this general

theme. Because all the claims rely on Minnesota law, it would be an exercise of this Court's supplemental jurisdiction if this Court chose to adjudicate those claims.

This Court has discretion regarding the exercise of its supplemental jurisdiction. *See* 28 U.S.C. § 1367. Section 1367(c) specifically provides that district courts may decline to exercise supplemental jurisdiction over a claim if:

    (1) the claim raises a novel or complex issue of state law,

    (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

    (3) the district court has dismissed all claims over which it has original jurisdiction, or

    (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Here, this Court finds it appropriate to dismiss the claims relying on Minnesota law for a combination of reasons.

First, the claims raise a novel issue of state law or policy insofar as the state government and prison system are being faced with a novel pandemic, both in scale and character. This federal court cannot readily determine how the state believes that its own laws and constitutional provisions should be applied to such a novel situation. Second, this Court has already recommended that nearly all of Hageman's federal claims be dismissed from this suit as insufficiently pled, including many claims that may concern related subject matter to those relying on Minnesota law. If most of Hageman's federal law claims are dismissed and those that rely on state law vastly outnumber those relying on federal law, this Court finds it appropriate to recommend that supplemental

jurisdiction not be exercised over those state law claims. Third, this Court observes that this may constitute an exceptional and compelling circumstance for declining supplemental jurisdiction because Minnesota has a strong interest in determining how its institutions should manage a novel COVID-19 pandemic. The state, through consultation with healthcare professionals, is in a better position to manage its own correctional facilities than this Court. *See, e.g.*, *Glick v. Henderson*, 855 F.2d 536, 541 (8th Cir. 1988) (affirming the district court's deferral to the discretion of the state regarding the management of AIDS in the Arkansans Department of Corrections and noting, "[i]t is the rare case in which a court should venture forth to establish medical procedures and guidelines in an area where the medical profession has not yet been able to ascertain what they should be"). Therefore, for all these reasons, this Court recommends declining supplemental jurisdiction over all of Hageman's state law claims and they be dismissed without prejudice.

## V.    Miscellaneous Relief

In addition to seeking monetary and injunctive relief, Hageman makes a variety of requests at the end of his Amended Complaint. First, he requests "that this Court certify Petitioners/Plaintiffs Habeas Corpus Class as defined herein[,]" and he further asks this Court to define the issues to be decided about the nature and duty of the Defendants to protect him from COVID-19. (Am. Compl. Memo. at 11.) Because no habeas claims are proceeding, this Court recommends that this request be denied as moot. Moreover, to the extent Hageman seeks to represent a class of prisoners, he cannot do so. *See Knoefler v.*

*United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer . . . has no right to represent another entity.").

Second, Hageman requests that this Court appoint a Special Master to oversee the proceedings. (Am. Compl. Memo. at 12.) Rule 53 of the Federal Rules of Civil Procedure governs the use of special masters in civil proceedings. Generally, a court may appoint a special master by agreement of the parties, to assist in the resolution of complex matters in a timely fashion. Fed. R. Civ. P. Rule 53(a). Here, this Court does not find it appropriate to recommend the appointment of a special master because this case is not of the complexity that would require such assistance. This Court recommends Hageman's request for appointment of a special master be denied.

Third, Hageman requests that this Court "adjudge, and decree that Respondents/Defendants have failed and refused to perform their legal duty to protect" him from COVID-19. (Am. Compl. Memo. at 13). In essence, this request calls for declaratory judgment. Under Rule 57 and 28 U.S.C. § 2201, a court has authority to declare the rights and legal relations of a party seeking a declaration. However, "declaratory relief is limited to *prospective* declaratory relief." *Justice Network Inc. v. Craighead Cty.*, 931 F.3d 753, 764 (8th Cir. 2019). "A declaratory judgment is meant to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply to proclaim liability for a past act." *Id.* (*quoting Lawrence v. Kuenhold*, 271 F. App'x 763, 766 (10th Cir. 2008)). Here, Hageman is improperly seeking a declaration of past liability. Accordingly, this Court recommends that it be denied.

Fourth, Hageman asks this Court to grant immediate habeas relief in the form of his release. As noted previously, this request cannot be made in a § 1983 case, but it may be pursued in Hageman's separate habeas proceedings. It is thus recommended that Hageman's request for release be denied.

## VI.    Exhibits and Other Filings

In addition to the claims presented in his Complaint and Amended Complaint, Hageman has also submitted five batches of various exhibits, notices, and memoranda. (Doc. Nos. 3, 4, 5, 7, 10–15.) Through some of these filings, Hageman appears to attempt to add a claim regarding interference with his legal mail. (*See* Doc. Nos. 11–15.) But a plaintiff cannot expand the bounds of his lawsuit by merely submitting more filings to the court. Amendments to a complaint are governed by Rule 15 of the Federal Rules of Civil Procedure and Local Rule 15.1. Under Rule 15, a plaintiff may amend once as a matter of course. Fed. R. Civ. P. Rule 15(a). And Local Rule 15.1(b) requires that a plaintiff file a motion to amend, accompanied by a proposed amended pleading.

Here, Hageman has already amended his pleading once as a matter of course. Since then, Hageman has not sought permission to amend his complaint nor has he submitted a full proposed amended pleading. Therefore, his attempts to informally amend his Amended Complaint through piecemeal filings should not be allowed. This Court recommends that to the extent Hageman is requesting permission to amend his complaint via subsequent filings (Doc. Nos. 11–15), that request be denied without prejudice because it has been improperly made.

## VII. Remaining Claims

Given the above, Hageman is left with scant references to potential claims. The Amended Complaint alleges that Defendant Greene "authorized and instructed staff to direct Hageman to enter ventilation system to clean fan/bearing assembly in an enclosed confined space where COVID-19 was circulated between units at MCF-Stillwater . . ." (Am. Compl. ¶ 2L.) This appears to line up with an assertion later that: "Plaintiff was directed by Correctional Officer to enter and clean ventilation shaft and fan under cell hall D that was heavily infected with COVID-19, although no proper ventilator or P.P.E. was provided." (Am. Compl. Memo. ¶ 14.) Hageman references Exhibits A1A and A1B, but the Court could not readily locate either in the record.

The Eighth Amendment protection against cruel and unusual punishment "extends to conditions of incarceration and confinement, including prison work assignments." *Kulkay v. Roy*, 847 F.3d 637, 642 (8th Cir. 2017). The inmate must show the alleged violation is "objectively and sufficiently serious," meaning the inmate is "incarcerated under conditions posing a substantial risk of serious harm." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Second, the inmate must show the defendant acted with a "sufficiently culpable state of mind." *Id.* at 643 (quoting *Farmer*, 511 U.S. at 834). In this instance, it would require the official was "deliberately indifferen[t] to inmate health or safety," which in turn requires actual knowledge of a substantial risk and failure to reasonably respond to it. *Id.*

Hageman's claim as pled does not meet these requirements. All Hageman provides is that Defendant Greene "authorized and instructed staff to direct Hageman to enter

ventilation system" for a work assignment. Defendant Greene is one step removed from the work assignment and there is no allegation that Defendant Greene instructed staff to not take reasonable health precautions. Simply naming Defendant Greene as a member of this managerial chain is not enough to plead a plausible claim. Like with many of his other claims, Hageman has failed to name the individuals with personal involvement.

The other claim is Hageman's allegation that Defendants Reed, Bosch, Stenseth, and Connors permitted the flow of new inmates into the prison during the COVID-19 pandemic and failed to respond to Hageman's related grievances about safety. (Am. Compl. Memo. ¶¶ 42, 44.) Specifically, Hageman asserts that Defendant Bosch enacted a policy of mixing COVID-19 positive inmates into the healthy prison populations (such as Hageman). (*Id.* ¶ 42.) Hageman "submitted a grievance to [these defendants] outlining civil rights violations and no action was taken by officials to remedy the situation whatsoever." (*Id.* ¶ 44.)

Like the claim discussed above in this subsection, Hageman appears to allege an Eighth Amendment violation. But again, Hageman's Amended Complaint likely does not meet the requirements to successfully plead such a claim. The Court can certainly assume for purposes of screening Hageman's Amended Complaint that the COVID-19 pandemic is objectively and sufficiently serious. But even then, Hageman has not shown he is at "substantial risk of serious harm" were he to contract COVID-19. As noted above with Hageman's claim that he was denied medical care, he fails to allege which ailment went untreated or what conditions he was suffering from. In fact, he alludes that he is a healthy inmate with which the unhealthy COVID-19 inmates are intermixed. And while it is no

great stretch for the Court to state that everyone's understanding of the COVID-19 pandemic has evolved from March 2020 to today, Hageman's pleading does not clearly indicate where his grievances fall on that timeline. What may have been "actual knowledge of a substantial risk" and a reasonable response thereto has likely evolved alongside the pandemic.

The frailties of these two possible remaining claims brings into question the overall vehicle through which Hageman brings suit. Hageman's Amended Complaint and attached Memorandum span a total of 66 pages. On top of that, Hageman attached to his Amended Complaint an additional 30 pages of exhibits with minimal to no explanatory context. (Doc. No. 8-2.) Then, since filing his Amended Complaint on December 2, 2021, Hageman has sought to add additional materials or expand his claims through filings that keep trickling into the Court. (Doc. No. 10 (14 pages, filed Jan. 7, 2021); Doc. No. 11 (3 pages, filed Jan. 25, 2021); Doc. No. 12 (2 pages, filed Feb. 8, 2021); Doc. No. 13 (2 pages, filed Feb. 16, 2021); Doc. No. 15 (1 page, filed Feb. 16, 2021)). These add to the voluminous filings preceding the Amended Complaint. (*E.g.*, Doc. No. 7 (71 pages, filed Nov. 16, 2020)). Simply put, this Court has already afforded significant leeway in screening Hageman's pleading and assorted documents, but it is unwieldly and not cohesive.

Under Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Gurman v. Metro Hous. and Redev. Auth.*, 842 F. Supp. 2d 1151, 1152 (D. Minn. 2011) ("A complaint must be concise, and it must be clear."). Courts in this District have "repeatedly criticized

the filing of 'kitchen-sink' or 'shotgun' complaints—complaints in which a plaintiff brings every conceivable claim against every conceivable defendant." *Gurman*, 842 F. Supp. 2d at 1153; *Tatone v. SunTrust Mortg., Inc.*, 857 F. Supp. 2d 821, 831 (D. Minn. 2012) ("A complaint which lumps all defendants together and does not sufficiently allege who did what to whom, fails to state a claim for relief because it does not provide fair notice of the grounds for the claims made against a particular defendant."). Such complaints "unfairly burden defendants and courts" because they "shift[] onto the defendant[s] and the court the burden of identifying the plaintiff's genuine claims and determining which of those claims might have legal support." *Gurman*, 842 F. Supp. 2d at 1153.      It is Hageman's burden, "under both Rule 8 and Rule 11, to reasonably investigate [his] claims, to research the relevant law, to plead only viable claims, and to plead those claims concisely and clearly, so that a defendant can readily respond to them and a court can readily resolve them." *Id.* Thus, the pleading standard articulated by Rule 8 "does not require detailed factual allegations, but it [does demand] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Hageman's Amended Complaint, on the whole, is neither short nor plain; it is not concise and it is not clear. Rule 8 non-compliance is readily apparent when reviewing these two final claims. While they fare better than the previous claims analyzed herein because they actually reference an accused defendant, the claims themselves are generalized grievances lacking necessary legal and factual elements. If this Court were to permit these two final claims to move forward merely because they include a defendant's

name, the burden only shifts upon the defendants to sift through the pleadings, as the

Court has already attempted to do, to try to piece together which nuggets of information

may pertain to them and which allegations may support those claims. Viewed another

way, if Hageman were to file a new complaint that contained only these two final

allegations, it would likely fail to meet pleading requirements for insufficient

information. To allow them to proceed merely as a subset of a whole, then, would be an

exercise in futility. *See Richards v. Dayton*, No. 13-cv-3029 (JRT/JSM), 2015 WL

1522199, at *12 (D. Minn. Jan. 30, 2015). Accordingly, this Court recommends that the

remaining claims in the Amended Complaint be dismissed without prejudice for

noncompliance with Rule 8.

## RECOMMENDATION

Therefore, based on the foregoing, and on all the files, records, and proceedings

herein, **IT IS HEREBY RECOMMENDED** pursuant to 28 U.S.C. § 1915A(b) that

Plaintiff Adam Hageman's Amended Complaint (**Doc. No. 8**) be **DISMISSED** without

prejudice and his Application to Proceed without Prepaying Fees or Costs (**Doc. No. 2**)

be **DENIED** as moot.

Dated: April 26, 2021                    *s/ Becky R. Thorson*
                                         Becky R. Thorson
                                         United States Magistrate Judge


## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the
District Court and is therefore not appealable directly to the Eighth Circuit Court of
Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).