UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Adam Hageman, | Case No. 20-cv-02257 (SRN/BRT) |
| Plaintiff, | |
| v. | **ORDER** |
| Minnesota Department of Corrections, Warden Guy Bosch, Associate Warden of Administration Victor Wanchena, Associate Warden of Administration Lisa Stenseth, Department of Corrections Commissioner Paul Schnell, Deputy Commissioner Michelle Smith, Assistant Commissioner Marcus Schmit, Chris Dodge, CPD Reed, Lt. Spets, Lt. Warner, Lt. Raven, Safety Director Karels, CPD Quist, Captain Connors, Lt. Donaldson, CPD Scott, Sgt. Neururer, Lt. Meyer, Captain Darling, CPD Huppert, and P.P. Director Greene, | |
| Defendants. | |

Adam Hageman, OID# 251041, MCF-Lino Lakes, 7525 Fourth Avenue, Lino Lakes, MN 55014, Pro Se.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff Adam Hageman's Objection [Doc. No. 19] to United States Magistrate Judge Becky R. Thorson's April 26, 2021 Report and Recommendation [Doc. No. 18] ("R&R"). The magistrate judge recommended that Hageman's Amended Complaint [Doc. No. 8] be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b), and that his Application to Proceed in District Court Without

1

Prepaying Fees or Costs ("IFP Application") [Doc. No. 2] be denied as moot. For the reasons set forth below, the Court overrules Hageman's Objection, adopts the R&R in its entirety, dismisses the matter without prejudice, and denies the IFP Application as moot.

## I. BACKGROUND

The factual and procedural background of this matter is well documented in the R&R and is incorporated herein by reference. The Court will recite background facts only to the extent necessary to rule on Hageman's Objection.

Hageman's Amended Complaint charges numerous officials at the Minnesota Department of Corrections ("MDOC"), as well as the MDOC itself, with more than a dozen constitutional violations arising out of the MDOC's response to the COVID-19 pandemic. (*See* R&R at 5-12.) In the R&R, the magistrate judge parsed through Hageman's Amended Complaint and the documents filed alongside it, and concluded that the Amended Complaint failed to state a claim for which relief may be granted. Accordingly, the magistrate judge recommended dismissing this action without prejudice. *See* 18 U.S.C. § 1915A(b) ("On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."). Hageman timely filed an Objection to the R&R, which is now before the Court.

## II. DISCUSSION

The district court reviews de novo those portions of the R&R to which a specific objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord* D. Minn.

2

L.R. 72.2(b). "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015). And "[a] party cannot, in his objections to an R & R, raise arguments that were not clearly presented to the magistrate judge." *Hammann v. 1-800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 947–48 (D. Minn. 2006) (citing *Madol v. Dan Nelson Auto. Group*, 372 F.3d 997, 1000 (8th Cir. 2004); *Roberts v. Apfel*, 222 F.3d 466, 470 (8th Cir. 2000)).

Because Hageman proceeds pro se, the Court liberally construes his pleadings. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). But the Court is not required to assume facts not pled, even if doing so would strengthen the pleadings. *Id.* at 915. Rather, to liberally construe a pro se plaintiff's complaint means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits a layperson's claim to be considered in the proper legal framework." *Id.*

Under the Prison Litigation Reform Act, the Court may examine the legal sufficiency of a complaint against a government entity filed by a party proceeding *in forma pauperis*. 28 U.S.C. § 1915(e). Where the complaint fails to state a claim upon which relief may be granted, the court must dismiss the action. *See id.* § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow

dismissal without service."). In reviewing whether a complaint states a claim upon which relief may be granted, the Court must accept the complaint's factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the complaint's factual allegations need not be detailed, they must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In assessing the sufficiency of the complaint, the Court may disregard legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).

In the R&R, the magistrate judge recommended dismissing Hageman's claims against the MDOC on the basis of Eleventh Amendment Immunity. (R&R at 4-5.) The magistrate judge also carefully examined Hageman's numerous federal constitutional claims against the individual Defendants, and concluded that none of those claims contain sufficient factual detail, or a sound basis in law, to state a plausible claim for relief. (*Id.* at 6-12, 17-21.) In light of that conclusion, the magistrate judge recommended that the Court decline to exercise supplemental jurisdiction over Hageman's state-law claims. (*Id.* at 12-14.) The magistrate judge also noted various legal infirmities regarding the relief Hageman's Amended Complaint seeks and his various attempts to supplement his pleadings through additional court filings. (*Id.* at 14-16.)

In his Objection, Hageman raises few specific objections to the R&R's analysis. Instead, many of his objections are conclusory, and merely state the opposite conclusion of that reached by the magistrate judge. For example, in response to the R&R's finding that Hageman failed to directly tie specific defendants to the wrongdoing alleged in his

Amended Complaint, Hageman broadly asserts that "Mr. Hageman without a doubt has named the Defendants and pointed directly to each issue that gives rise to liability. The Plaintiff has listed in his Complaints historical facts showing that the Defendant's [sic] violated Plaintiff's Federal Constitutional rights while acting under color of state law." (Obj. at 2.) Such objections "are not specific but merely repeat arguments presented to and considered by a magistrate judge," and the Court finds no clear error in the R&R's analysis on those points.[1] *Montgomery*, 98 F. Supp. 3d at 1017. Importantly, the Court need not accept as true Hageman's statements of legal conclusions—such as the bare assertions that Defendants violated his rights, or that the facts show such violations. *Iqbal*, 556 U.S. at 664.

Certain other objections go beyond conclusory denials of the magistrate judge's conclusions, and the Court will review those objections de novo. With respect to Count 1,[2] in which Hageman alleges that he was unconstitutionally denied medical care, Hageman argues that he "suffered a serious deprivation" when Defendants Schnell, Bosch, and "MNDOC health service nursing services" refused to permit him to see Dr. Kerri Chung in June 2020. (Obj. at 3.) The magistrate judge recommended dismissing this claim because Hageman "has not identified any party who was deliberately indifferent to his serious

---

[1] Specifically, the Court finds that Hageman's objections regarding Counts 2, 3, 6, 7, 12, and 13 are either conclusory or merely restate arguments presented to the magistrate judge, and the Court finds no clear error with respect to the R&R's analysis of those Counts.

[2] The Court notes that Hageman did not clearly number the causes of action alleged in his Amended Complaint. The Court's analysis instead tracks the numbering assigned by the magistrate judge. (*See* R&R at 5 n.1.)

5

medical needs." (R&R at 5-6.) Although Hageman cites part of the materials he filed alongside his Amended Complaint, those materials do not actually identify Schnell and Bosch as the individuals responsible for the alleged conduct. (*See* Am. Compl., Ex. 1, at 2 ("Plaintiff was denied medical care by Health Service/Nursing Services because of Defendants [sic] excuse 'coronavirus.'").) As the magistrate judge explained, amendments to Hageman's pleadings are governed by Federal Rule of Civil Procedure 15; Hageman cannot amend his pleadings by adding factual allegations in his Objection.[3] Nor can he "raise arguments that were not clearly presented to the magistrate judge." *Hammann*, 455 F. Supp. 2d at 947–48 (citation omitted). Regardless, Hageman still does not explain why the postponement of his appointment with Dr. Chung due to "coronavirus" constitutes deliberate indifference to his serious medical needs.

Similarly, with respect to Counts 4 and 9, the R&R concluded that the Amended Complaint failed to plausibly allege that informal policies or customs led to violations of Hageman's constitutional rights because Hageman did not identify the policies or customs

---

[3] Relatedly, in Count 14 of his Amended Complaint, Hageman alleged that four unnamed correctional officers made statements to him about the risk COVID-19 posed to inmates. The magistrate judge concluded that Hageman's failure to name those officers warranted dismissing Count 14. (R&R at 12.) Although Hageman provided the officers' names in his Objection, Hageman's Objection cannot cure the pleading deficiency in his Amended Complaint. And, regardless, the Court cannot discern any plausible constitutional violation from the officers' alleged statements noting the risk COVID-19 posed to inmates.

The Court further notes that it previously warned Hageman that his initial Complaint appeared to fail to state a claim upon which relief may be granted because it did not connect specific Defendants to their alleged misconduct. (Order [Doc. No. 6], at 3 n.2.)

at issue. (R&R at 7.) In his Objection, Hageman vaguely references a policy requiring the MDOC Commissioner to promulgate rules, and another policy requiring the MDOC to follow CDC guidelines. (Obj. at 4.) Again, Hageman cannot present arguments in his Objections not raised before the magistrate judge. But more importantly, Hageman does not explain how the failure to "promulgate [rules] pursuant to chapter 14" or to "follow CDC guidelines" is connected to the alleged violation of his constitutional rights.

Regarding Counts 8, 10, and 11, Hageman answers the R&R's finding that he did not connect specific defendants with specific alleged misconduct by arguing that "ALL named Defendants conspired, combined, and agreed to deprive" him of his constitutional rights. (*Id.* at 4.) But, as the magistrate judge found, Hageman has not plausibly alleged a conspiracy between any of the named Defendants; rather, "Hageman's claim regarding a conspiracy is a patchwork of legal conclusions lacking a factual basis." (R&R at 9.) Hageman's assertion that "Defendants conspired to oppress, persecute, abuse, repress, and suppress, mistreat, intimidate, and coerce" him is conclusory. (Obj. at 5.) In short, the Amended Complaint lacks sufficient factual enhancement to raise Hageman's conspiracy and retaliation claims "above the speculative level." *Twombly*, 550 U.S. at 555.

And with respect to Hageman's claim that Defendants Quist and Bosch made verbal threats to him "that put him in serious fear of harm," Obj. at 4-5, the Court notes—again—that Hageman did not identify the threat-makers in his Amended Complaint. More importantly, Hageman does not describe what threats Quist and Bosch allegedly made to him. Relatedly, Hageman's assertions that Defendants "made direct threatening statements

and engaged in intimidating conduct," and that "the nature of the threats were sufficiently egregious to warrant relief under § 1983," are conclusory. (*Id.* at 5.)

The Court next considers Hageman's objections with respect to the R&R's application of Eleventh Amendment immunity. Hageman argues that Eleventh Amendment immunity does not apply because Defendant Quist "consented to the Lawsuit" by including the language "You can file a Lawsuit that is your legal right" in a response to one of Hageman's administrative complaints. (*Id.* at 6.) The Court finds that this statement by Quist, a Corrections Program Director for the MDOC, is insufficient to operate as a waiver of sovereign immunity by the State of Minnesota or the MDOC. *Cf. Billups v. Minn. Dep't of Corr.*, No. 19-cv-02581 (NEB/DTS), 2021 WL 1625656, at *2 (D. Minn. Apr. 27, 2021) ("'[A] state official may waive the state's immunity only where specifically authorized to do so by that state's constitution, statutes, or decisions.' . . . [T]his Court is not aware of any provision in Minnesota's constitution or statutes—or any other legal authority—establishing that a DOC correction officer has the power to waive the State of Minnesota's sovereign immunity."). Even if Quist had authority to waive sovereign immunity, his alleged statement amounts only to an acknowledgement that Hageman could resort to the judicial process—he expressed no view, let alone consent binding on the state, regarding whether Hageman could join the MDOC as a defendant.

And, insofar as Hageman invokes *Ex Parte Young*, the argument is unavailing. The magistrate judge applied the sovereign immunity doctrine to Hageman's claims against the MDOC, not to his official-capacity claims for injunctive relief against the individual Defendants. *See 281 Care Comm. v. Arneson*, 638 F.3d 621, 632 (8th Cir. 2011) ("Under

8

the *Ex Parte Young* doctrine, a private party can sue a state officer in his official capacity to enjoin a prospective action that would violate federal law.").

Finally, Hageman objects to the magistrate judge's analysis of this Court's supplemental jurisdiction over his state-law claims. "Pursuant to 28 U.S.C. § 1367(c)(3), a court may 'decline to exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction.' Congress unambiguously gave district courts discretion in 28 U.S.C. § 1367(c) to dismiss supplemental state law claims when all federal claims have been dismissed." *Gibson v. Weber*, 431 F.3d 339, 342 (8th Cir. 2005) (quoting 28 U.S.C. § 1367(c)). Because the Court finds that Hageman's Amended Complaint does not plausibly allege violations of federal law, the Court declines to exercise supplemental jurisdiction over his state-law claims. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the [supplemental] jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").

### III.   CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objection to the Report and Recommendation [Doc. No. 19] is **OVERRULED**;

2. The Report and Recommendation [Doc. No. 18] is **ADOPTED**;

3. Plaintiff's Amended Complaint [Doc. No. 8] is **DISMISSED without prejudice**; and

4. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. No. 2] is **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 30, 2021

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge